The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
This case was originally heard before Deputy Commissioner Garner in Gastonia on July 2, 1992. After the initial hearing, the parties deposed Ms. Margaret Sigmon, Mr. Lawrence Deaver and Mr. Tony Black. The parties also deposed Dr. Gary Mangum, Dr. Maher Habashi, and Dr. George Bradley.
The Full Commission adopts and finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer-
3. Plaintiff's average weekly wage is as set forth on the Form 22 Wage Chart.
4. Plaintiff suffered an injury by accident on February 18, 1991, resulting in an injury to her arm and shoulder. The defendant-employer admitted liability and certain benefits were paid.
5. The issues to be determined by the Commission are (1) whether plaintiff is entitled to additional periods of temporary total disability benefits; (2) whether plaintiff is entitled to additional medical treatment; (3) whether plaintiff refused light duty that was offered to her, and (4) what permanent partial disability rating does plaintiff have.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission adopts and makes the following
FINDINGS OF FACT
1. Plaintiff is a thirty-five (35) year old female who worked as a spinner tender for defendant. On February 18, 1991, plaintiff received a blow to her left scapula or shoulder blade when a bobbin and hangar assembly fell from her spinning frame. The bobbin assembly hangs approximately six (6) to seven (7) feet off the ground and approximately two (2) to three (3) inches above plaintiff's head. The bobbin assembly weighs between five (5) and ten (10) pounds. The bobbin assembly hit the spinning frame which caused it to spin before hitting her scapula.
2. Plaintiff initially sought treatment from Lincoln County Hospital and thereafter from Dr. Maher Habashi in Lincolnton. Plaintiff also was evaluated by Dr. George Bradley and Dr. Gary Mangum.
3. After her surgery, plaintiff continued to work for defendant in a light duty position as a roller picker until March 5, 1991. Plaintiff was having problems and could not continue this light duty position. She has not worked for defendant since March 5, 1991.
4. Dr. Maher Habashi supports plaintiff's contention that her February 18, 1991 injury caused compression of the median nerve at the carpal tunnel. Dr. Habashi is of the opinion that plaintiff's trauma to the left scapula caused swelling in her left upper extremity which, in turn, compressed the median nerve at the carpal tunnel. Also the swelling in plaintiff's upper extremity resulted from a lack of use of that extremity after the initial injury.
5. As a result of this injury by accident, plaintiff was temporarily totally disabled from March 6, 1991 through March 3, 1992, less the brief periods of time in which plaintiff worked.
6. Plaintiff has reached maximum medical improvement and suffers a fifteen (15) percent permanent partial impairment to the arm and a ten (10) percent permanent partial impairment to the spine.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission adopts and makes the following
CONCLUSIONS OF LAW
1. Since plaintiff was unable to continue her work for defendant-employer doing light duty, she did not unreasonably refuse light duty as alleged by the defendant. G.S. 97-32.
2. Plaintiff is entitled to temporary total disability benefits at the rate of $171.20 per week from March 6, 1991 through March 3, 1992, less the periods of time in which she worked. G.S. 97-29.
3. Plaintiff is entitled to compensation at the rate of $171.20 per week for thirty-six (36) weeks for the fifteen (15) percent permanent partial impairment plaintiff suffers to the arm. G.S. 97-31(13).
4. Plaintiff is entitled to compensation at the rate of $171.20 per week for thirty (30) weeks for the ten (10) percent permanent partial impairment she suffers to the spine. G.S.97-31(23).
5. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission. G.S. 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission adopts and enters the following
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $171.20 per week from March 6, 1991 through March 3, 1992, less the periods of time plaintiff worked. This compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay compensation to plaintiff at the rate of $171.20 per week for sixty-six (66) weeks for the fifteen (15) percent permanent partial impairment plaintiff suffers to the arm and the ten (10) percent permanent partial impairment she suffers to the spine. This compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission.
4. An attorney's fee in the amount of twenty-five (25) percent of the award is hereby approved for plaintiff's counsel. Said amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
5. Defendant shall bear the costs, including a $500 attorney's fee to counsel for the plaintiff for representing plaintiff in this appeal, which the Commission hereby awards pursuant to G.S. § 97-88, this having been an appeal brought by the insurer in which the Commission has by its decision ordered the insurer to make payments of benefits to the injured employee.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER